IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:25CR3104 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **BRIEF IN SUPPORT OF MOTION FOR VARIANCE** |
| vs. | ) | |
| | ) | |
| EDUIN CRUZ, | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

**COMES NOW** Defendant, Eduin Cruz ("Cruz"), by and through his attorney Oluseyi O. Olowolafe, and submits his brief in support of his request that this Court impose a variance from the Federal Sentencing Guidelines at sentencing. Cruz is before the Court for sentencing, having accepted responsibility for his involvement in the distribution of 50 grams or more of methamphetamine (actual). The Federal Sentencing Guideline range set out in the Revised Modified Presentence Investigation Report ("RPSR") establishes a range of 70 – 87 months. RPSR ¶76. The base offense level assigned to this case of actual methamphetamine is 32, which is based upon an antiquated policy and is not empirically justified. RPSR ¶37. While the offense is serious, a mechanical application of the Guidelines would fail to account for current realities that methamphetamine is highly and uniformly pure, and that the 10:1 ratio of purity disparity punishes defendants arbitrarily and unduly harshly. Accordingly, Cruz moves this Court to vary downward from the guideline range and impose a sentence with a base offense level of 27 that would be assigned to cases of methamphetamine mixture, which would result in a sentencing range of 46–57 months.

## SENTENCE BASED ON METHAMPHETAMINE MIXTURE IS SUFFICIENT BUT NOT GREATER THAN NECESSARY

A sentence under the guideline range of 70 - 87 months for methamphetamine actual establishes a disparity that unjustly punishes Cruz more harshly than those sentenced based on methamphetamine mixture. "Although the sentencing guidelines are advisory, and there is no legal presumption that the guideline sentence should apply, the advisory guideline range is a factor that the district court must consider at sentencing." *United States v. Copeland*, 2026 U.S. App. LEXIS

20514 *3 (8th Cir. 2026). "While a district court may vary from the Guidelines based on a policy disagreement, it is not required to do so." *United States v. Noriega*, 35 F.4th 643, 652 (8th Cir. 2022); see also *United States v. Binion*, 801 F. App'x 459, 462 (8th Cir. 2020).

It is well established that there is a principled disagreement with the guidelines regarding the inequitable results produced from the guidelines for actual methamphetamine. *United States v. Ferguson*, No. 17-204, 2018 WL 3682509, *4 (D. Minn. Aug. 2, 2018) (finding that the 10:1 ratio "creates a substantial risk of unwarranted sentencing disparity"); *United States v. Harry*, 313 F.Supp.3d 969, 974 (N.D. Iowa 2018) ("I find both (a) drug purity is not an accurate proxy for culpability in light of the fact that nearly all of the methamphetamine cases brought in our district involve high-purity methamphetamine and (b) the 10-to-1 ratio established in the Guidelines is not based on empirical evidence.").

In the instant case, Cruz is a young adult who was a 22-year-old facing his first-ever offense in Court. RPSR ¶53. Cruz was working as a barber in Columbus, Nebraska, to support his young family, which consisted of his wife and two children. While working as a barber, Cruz became associated with individuals he played soccer with. In establishing friendships with those he played soccer with, Cruz lent out his phone and sold his vehicle to an individual he assumed was a friend. That individual later asked Cruz to deliver a package from his house on March 6, 2026. Being the ever-loyal friend, Cruz obliged and went to his friend's apartment in Norfolk, Nebraska, located at 1505 Glenmore Drive, and ultimately met with an unknown person to deliver a package he knew contained a controlled substance. RPSR ¶23. This case is a prime example of what happens when someone associates with and trusts the wrong individuals. As a result of thinking he was helping a friend, Cruz was subsequently arrested and charged in State court for possession with the intent to deliver methamphetamine. Subsequently, upon posting bond, Cruz was detained by ICE and is now facing deportation because of his decision to blindly help his friend. It is undisputed that Cruz's involvement in the distribution of the methamphetamine was one of happenstance rather than one in which he was involved as a kingpin or leader of drug distribution to warrant a higher sentencing range. Accordingly, a variance is appropriate in this case.

Cruz's life has been significantly altered since he decided to assist his friend in the distribution of methamphetamine. Upon being released from any sentence of incarceration, Cruz is likely to be deported back to Honduras, where he has neither family nor support. Cruz's youngest daughter will not only be without a father while he serves any sentence this court imposes, but

even after his release Cruz's ability to care and be a father to his children will be all the more difficult if he is unable to remain in the United States. To impose a sentence under the guidelines would impose a sentence greater than necessary to achieve the goals of sentencing. Therefore, Cruz is requesting that this Court apply the base level offense of 27 as applied in cases of methamphetamine mixture in order to avoid such purity disparity.

## CONCLUSION

It is undisputed that Cruz's life has been greatly impacted as a result of this case. In consideration of his role in the nature and circumstance of the offense, a sentence based on using the base level offense of methamphetamine mixture would not depreciate the seriousness of the offense or show disrespect for the law. Thus, Cruz respectfully requests that this Court impose a variance from the sentence recommended in the RPSR.

**DATED** this 20th day of August, 2026.

Respectfully submitted,

EDUIN CRUZ,
Defendant

BY: /s/ *Oluseyi O. Olowolafe*

Oluseyi O. Olowolafe #26896
OLOWOLAFE LAW FIRM, LLC
1227 Golden Gate Drive
Papillion, NE 68046
Phone: (402) 995-9554
Fax: (402) 218-2206
seyi.olowolafe@ololawfirm.com

ATTORNEY FOR DEFENDANT